IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CARLIE HENSLEY, | ) |
|     Plaintiff, | ) |
| v. | )   Case No. 1:24-mc-00007-JDB-jay |
| DEVAN RAY TRULL, D.O., | ) |
|     Defendant. | ) |

ORDER DENYING IN PART AND GRANTING IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is the October 23, 2024, motion of the Plaintiff, Carlie Hensley, for default judgment. (Docket Entry ("D.E.") 5.) An entry of default under Federal Rule of Civil Procedure 55(a) "is a prerequisite to entry of a default judgment under Rule 55(b)." *Ramada Franchise Sys. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (citation omitted); *see also RQSI Global Asset Allocation Master Fund, Ltd. v. APERÇU Int'l PR LLC*, No. 3:15-CV-00778-CRS, 2019 WL 1922502, at *4 (W.D. Ky. Feb. 21, 2019) *report and recommendation adopted*, No. 3:15-CV-778-CRS, 2019 WL 1922045 (W.D. Ky. Mar. 29, 2019) (citations omitted) ("To obtain a judgment by default, the moving party must initially request that the Clerk of the Court enter a default under Fed. R. Civ. P. 55(a)."). No default has been entered in this case as Plaintiff did not first file an application with the Clerk for an entry of default. Thus, the request for default judgment is DENIED.

Plaintiff also seeks "entry of an order setting forth that [the attached] judgment can now be recognized and enrolled in the state of Tennessee." (D.E. 5.) Pursuant to 28 U.S.C. § 1963,

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

The Court finds that Plaintiff has met the requirements of 28 U.S.C. § 1963 and thus GRANTS that portion of the motion seeking recognition and enrollment of the attached judgment in the state of Tennessee.

    IT IS SO ORDERED this 4th day of November 2024.

                                                <u>s/ J. DANIEL BREEN</u>
                                                UNITED STATES DISTRICT JUDGE

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | |
|---|---|
| CARLIE HENSLEY ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:20-0257 |
| DEVAN RAE TRULL, D.O. ) | |
| *Defendant* ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* ___05/17/2024___

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: June 6, 2024

CLERK OF COURT

Rory L. Perry II /TC
*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CARLIE HENSLEY,

        Plaintiff,

v.                                       CIVIL ACTION NO. 3:20-0257

DEVAN RAE TRULL, D.O.,

        Defendant.

**AMENDED JUDGMENT ORDER**

Pending are (1) Defendant, Devan Rae Trull, D.O.'s Motion to Amend Judgment Order and Reduce Verdict in Accordance with West Virginia Code Section 55-7B-9, ECF No. 151, and (2) Plaintiff's Motion for Prejudgment Interest, ECF No. 152.

This case was tried to a jury from March 5, 2024 to March 8, 2024. After deliberations, the jury returned a verdict in favor of Plaintiff Carlie Hensley and against Defendant Devan Rae Trull, D.O. in the amount of $1,922,395.67. *See* Judgment Order, ECF No. 127; Order, ECF No. 142. The jury's award was broken down as follows:

| | |
|---|---|
| Loss of Earning Capacity: | $250,000.00 |
| Past Medical Expenses: | $72,395.67 |
| Future Medical Expenses and Life Care: | $1,000,000.00 |
| Past Pain, Suffering, and Mental Anguish: | $200,000.00 |
| Future Pain, Suffering, and Mental Anguish: | $200,000.00 |
| Past and Future Loss of Enjoyment of Life: | $200,000.00 |

With respect to Defendant's Motion to Amend Judgment Order and Reduce Verdict in Accordance with West Virginia Code Section 55-7B-9, Dr. Trull argues that the overall verdict shall be reduced to account for a $500,000.00 settlement Hensley received from a separate civil action that arose from the same hospitalization and medical injury. *See Hensley v. Melvin*, No. 3:18-cv-01524 (S.D.W. Va.). Plaintiff does not oppose this relief.

With respect to Plaintiff's Motion for Prejudgment Interest, Hensley asserts that she is entitled to prejudgment interest on "special damages," which, in this case, include a $72,395.67 award for past medical expenses. Dr. Trull does not oppose the motion. *See* ECF No. 154. In their respective memoranda, the parties agreed on a formula for calculating the prejudgment interest that prorated each damage award category to reflect the $500,000.00 offset from Hensley's settlement with Dr. Melvin.

As the Court has informally advised the parties, the Court does not believe Hensley's medical expense award should be prorated. West Virginia Code § 55-7B-9A(g)(5) provides that the Court "may not reduce the verdict rendered by the trier of fact in any category of economic loss to reflect . . . [a] settlement between the plaintiff and another tortfeasor."

Dr. Trull has argued that West Virginia Code § 55-7B-9A(g)(5) does not apply to this case and that the Court should look only to West Virginia Code § 55-7B-9(d). However, the Court finds that § 55-7B-9, titled "Several Liability," would only be applicable if the jury had apportioned fault between Dr. Trull and Dr. Melvin. Inasmuch as neither party sought to present evidence at trial in this case regarding the negligence of Dr. Melvin, Dr. Melvin was not placed on the verdict form and no apportionment resulted. Accordingly, the Court holds that § 55-7B-9A(g)(5) the controlling statute, and the $500,000.00 settlement must be subtracted only from the

non-economic damages the jury awarded to Hensley. Consequently, Hensley is entitled to prejudgment interest on the entire award for past medical expenses.

Applying the agreed upon prejudgment interest rate of 4.5% to the stipulated medical expenses of $72,395.67, the annual interest on the principal amount is $3,257.81. The agreed upon accrual period is 5.96 years, which results in a total pre-judgment interest award of $19,416.55.

In sum, the Court **ORDERS** as follows:

(1) Defendant's Motion to Amend Judgment Order and Reduce Verdict in Accordance with West Virginia Code Section 55-7B-9 (ECF No. 151), is **GRANTED, in part.** The Court agrees that a verdict reduction is warranted but finds that the proper statutory mechanism is West Virginia Code § 55-7B-9A. Plaintiff's awarded non-economic damages are reduced by the $500,000.00 pre-trial settlement she received in the case *Hensley v. Melvin*, 3:18-cv-01524. Accordingly, Plaintiff's jury award of $1,922,395.67 is adjusted to $1,422.395.67.

(2) Plaintiff's Motion for Prejudgment Interest (ECF No. 152) is **GRANTED.** The Court awards Plaintiff Carlie Hensley pre-judgment interest against Defendant Devan Rae Trull, D.O. in the amount of $19,416.55.

The Court **DIRECTS** the Clerk to send a certified copy of this Amended Judgment Order to counsel of record and any unrepresented parties.

ENTER:   May 17, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

A TRUE COPY CERTIFIED ON JUN - 6 2024

-3-